Emily Benight # 7-5471
FRANKLIN D. AZAR AND ASSOCIATES
14426 EAST EVANS AVENUE
AURORA, COLORADO 80014
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **JOE TARANGO AND RAMONA TARANGO,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| **OCEAN TRANSPORT INCORPORATED,** ) | |
| **A California Limited Liability Company,** ) | |
| and ) | |
| **IRFAN ALI.** ) | |
| ) | **Plaintiff Demands a Jury Trial** |
| ) | |
| **Defendants.** ) | |

**COMPLAINT**

COMES NOW, the Plaintiffs, Joe and Ramona Tarango, by and though their attorney, Emily Benight, of Franklin D. Azar and Associates, and for their *Complaint* against the Defendants Ocean Transport Inc., a California Limited Liability Company, and Irfan Ali, and pleading hypothetically and in the alternative, states as follows:

**I.   PARTIES AND NATURE OF THE CASE**

1. At all times relevant, Plaintiff Joe Tarango was a citizen of the State of Colorado, domiciled in Denver, Colorado. Plaintiff Joe Tarango now resides in Missouri.

2. At all times relevant, Plaintiff Ramona Tarango was a citizen of the State of Colorado, domiciled in Denver, Colorado. Plaintiff Ramona Tarango now resides in Missouri.

3. Defendant Ocean Transport Inc, is a California Limited Liability Company, with its principal place of business in Sacramento, California. Ocean Transport, Inc.is a trucking company, employer of Defendant Ali and owner of the vehicle involved in the crash with Plaintiffs.

4. To the best of Plaintiff's knowledge Defendant Irfan Ali (hereinafter "Defendant Ali") was and is a citizen of the State of New York, believed to be domiciled in Brooklyn, New York. Defendant Ali is the driver of the vehicle involved in the crash with Plaintiffs.

5. At all times relevant, Defendants regularly conducted business in the State of Wyoming, and the incident in question occurred in Albany County, Wyoming on Interstate-80 West.

6. The collision occurred on April 15, 2021, in Albany County, Wyoming, when Defendant Ali, operating a semi-tractor and trailer owned by Defendant Ocean Transport, Inc., changed lanes without warning in front of Plaintiff's Joe Tarango's vehicle, causing Mr. Tarango to crash into the rear of Defendant Ali's trailer.

7. The collision caused significant injury to Mr. Tarango which resulted in, among other things, cervical fractures, skull fractures, right forearm fracture, multiple surgeries, months in the hospital, and chronic pain and permanent injuries

8. The collision caused significant injury to Mrs. Tarango which resulted in, among other things, right humerus fracture, surgery, days in the hospital, and chronic pain and permanent injuries.

## II. JURISDICTION AND VENUE STATEMENT

9. This action is brought pursuant to 28 U.S.C. §1332, due to the diversity of citizenship.

10. Further, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees pursuant to 28 U.S.C. §1332.

11. Plaintiff Joe Tarango was a resident of the State of Colorado at the time of the crash.

12. Plaintiff Ramona Tarango was a resident of the State of Colorado at the time of the crash.

13. Defendant Ocean Transport, Inc. is a California Limited Liability Company that operates in trucking, with its principal place of business in Sacramento, CA. Defendant Ocean Transport, Inc. is the owner of the semi-tractor and trailer involved in the crash with the Plaintiffs.

14. To the best of Plaintiff's knowledge Defendant Ali was and is a citizen of the State of New York, domiciled in Brooklyn, New York. Defendant Ali is the driver involved in the crash with the Plaintiffs.

15. At all times relevant, Defendants conducted business in the State of Wyoming by transporting goods throughout the State of Wyoming via semi-truck.

16. The motor vehicle accident that is the subject of this Complaint occurred in Albany County, Wyoming. Therefore, pursuant to 28 U.S.C. §1391(b)(2), the proper venue for this action is the United States District Court for the District of Wyoming.

17. At all relevant times Defendant Ocean Transport, Inc. employed Defendant Ali, and Defendant Ali was acting within the scope of his employment during the events giving rise to this Complaint. Defendant Ocean Transport, Inc.is vicariously liable for the acts and omissions of its agent, Defendant Ali.

18. Alternatively, at all relevant times Defendant Ali was an independent contractor, contracted by Defendant Ocean Transport, Inc.

19. Defendant Ali owed Plaintiffs a duty to conform to a specific standard of care, Defendant Ali breached that duty of care, and Defendant Ali's breach is the proximate cause of Plaintiffs' injuries. Plaintiffs' injuries are compensable by money.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20. Plaintiffs hereby restate and re-allege all statements set forth in Paragraphs 1 through 19 above.

21. On April 14, 2021, Defendant Ali was driving a 2015 Freightliner TT semi-tractor and trailer eastbound on Interstate 80 in Albany County, Wyoming, at approximately 10:00 p.m. in the right-hand lane.

22. Upon information and belief, Defendant Ali was approximately near milepost 285.

23. Defendant Ali was operating a semi-tractor with trailer Vin: 1JJV532B8HL961230.

24. Upon information and belief, Defendant Ocean Transport, Inc. owns the 2015 Freightliner TT semi-tractor and trailer.

25. The semi-tractor with vin: 3AKJGLD58FSGC9421 is owned by Defendant Ocean Transport, Inc.

26. The trailer with vin: 1JJV532B8HL961230 is owned by Defendant Ocean Transport, Inc.

27. Upon information and belief, Defendant Ocean Transport, Inc. gave Defendant Ali permission to operate the semi-tractor and trailer on the date of the crash.

28. Upon information and belief, Defendant Ali was an employee of Defendant Ocean Transport, Inc.

29. Upon information and belief, Defendant Ali was operating the semi-tractor trailer within his course and scope of employment.

30. Upon information and belief, Defendant Ali had a CDL license.

31. The weather was snowy prior and at the time of the crash.

32. The roads were icy prior and at the time of the crash.

33. Snow, ice, sleet, fog, mist, rain, dust, and smoke are considered hazardous conditions for a Semi-tractor and trailer to operate in.

34. It was nighttime.

35. Interstate 80 has a total of four lanes, two eastbound and two west bound lanes.

36. The right lane is for slower vehicles.

37. The left lane is for passing.

38. Posted speed was 55 miles per hour.

39. Mr. Tarango was operating a 2020 CX3 Mazda, traveling eastbound on Interstate 80 in Albany County, Wyoming, at approximately 10:00 p.m., in the right-hand lane behind Defendant Ali's vehicle.

40. Mrs. Tarango was a passenger in Mr. Tarango's vehicle.

41. Mrs. Tarango was sitting in the front right passenger seat.

42. Mr. Tarango signaled to change lanes to the left lane.

43. Mr. Tarango moved to the left lane, to pass Defendant Ali's semi-tractor and trailer.

44. As Mr. Tarango was in the left lane, preparing to pass, Defendant Ali changed lanes in front of Mr. Tarango's vehicle with no warning.

45. Upon information and belief, Defendant Ali did not use his signal to change lane.

46. Defendant Ali cut off Mr. Tarango's vehicle.

47. Defendant Ali made an improper lane change.

48. Mr. Tarango attempted to brake.

49. Mr. Tarango struck the rear end of Defendant Ali's trailer.

50. Mr. Tarango's vehicle came to a violent stop, underneath Defendant Ali's trailer.

51. Defendant Ali had a duty to see what was plainly visible.

52. Defendant Ali breached his duty to see what was plainly visible when he failed to see Plaintiffs' vehicle in the left lane, as he cut in front of Plaintiffs' vehicle.

53. Defendant Ali's breach of this duty was a direct and proximate cause of the crash and Plaintiffs' injuries.

54. Defendant Ali had a duty to maintain control of his truck in order to not collide with other vehicles using the roadway.

55. Defendant Ali breached his duty to maintain control, when his vehicle cut in front of Plaintiffs' vehicle, causing Plaintiffs' vehicle to collide with the back end of Defendant Ali's trailer.

56. Defendant Ali's breach of this duty was a direct and proximate cause of the crash and Plaintiffs' injuries.

57. Defendant Ali had a duty to use extreme caution when driving in hazardous conditions.

58. Defendant Ali breached this duty when he changed lanes without signaling, directly into Plaintiffs' lane of travel, causing Plaintiff's' vehicle to collide with the rear end of Defendant Ali's trailer.

59. Defendant Ali's breach of this duty was a direct and proximate cause of the crash and Plaintiffs' injuries.

60. Defendant Ali's driving conduct constitutes negligence.

61. As a direct and proximate result of Defendants' negligence, the Plaintiffs suffered, and will continue to suffer, severe and permanent personal injuries, damages, and losses including, but not limited to: past, present, and future hospital and medical expenses; past, present, and future wage losses; impaired/lost earning capacity; past, present, and future pain and suffering, loss of enjoyment of life, emotional distress, shock, fright, worry, and inconvenience; permanent impairment; permanent disfigurement; loss of consortium, and other damages not yet determined.

## COUNT I: NEGLIGENCE
### (Plaintiff v. Defendant Ali)

62. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

63. At all relevant times Defendant Ali had a duty to keep control of his vehicle so as to avoid creating a dangerous condition on the roadway.

64. At all relevant times, Defendant Ali also had a duty to take such actions as were necessary to prevent from striking any other persons with the trailer attached to his vehicle as he drove.

65. Defendant Ali breached his duties of care in one or more of the following ways:

a. Failed to maintain his lane;

b. Failed to see what was plainly visible;

c. Failed to drive the speed limit and use caution regarding fellow travelers;

d. Failed to properly use the travel lane of Interstate 80;

e. Failed to maintain proper control of his vehicle;

f.  Failed to exercise due care by attempting to cut off Mr. Tarango's vehicle;

g.  Failed to exercise due care when driving in hazardous conditions; and/or

h.  Was otherwise careless, negligent, reckless, and/or willful and wanton in the operation of his vehicle.

66. The aforementioned acts and omissions were the proximate cause of the accident and Plaintiff's subsequent injuries, losses and damages.

67. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant, Plaintiffs' suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiff will continue to suffer the losses in the future.

68. WHEREFORE, Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiffs for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT II: VICARIOUS LIABILITY- NEGLIGENCE

### (Plaintiff v. Ocean Transport, Inc.)

69. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

70. Defendant Ocean Transport, Inc.is vicariously liable to Plaintiff for the careless, negligent, reckless and/or willful and wanton conduct of Mr. Ali, who was their agent and/or employee acting within the course and scope of his employment at the time of the collision.

71. The aforementioned acts and omissions were the cause of the accident and Plaintiff's subsequent injuries, losses and damages.

72. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant and/or their employee or agent, Plaintiffs' suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiffs' will continue to suffer the losses in the future.

73. WHEREFORE, Plaintiffs' prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

## COUNT III: NEGLIGENT OR RECKLESS PRINCIPAL

### (Plaintiff v. Ocean Transport, Inc.)

74. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

75. Defendant Ocean Transport, Inc.is liable to Plaintiff because it conducted business through its employee, Mr. Ali, who was an improper person to employ involving risk of harm to others, and Mr. Ali's negligent or reckless conduct caused injury to Plaintiff.

76. Alternatively, Defendant Ocean Transport, Inc.is liable to Plaintiff because it conducted business through Mr. Ali, and failed to prevent negligent conduct by him in the operation of instrumentalities under its control.

77. As a direct and proximate result of the previously described acts of Defendant and/or its employee or agent, Plaintiffs suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses or medical and rehabilitative care and treatment, and loss of past and future income. The losses are either permanent or continuing, and Plaintiffs' will continue to suffer the losses in the future.

78. WHEREFORE, Plaintiffs' prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

### COUNT VII: WILLFUL AND WANTON CONDUCT

**(Plaintiff v. Defendant Ali, and Defendant Ocean Transport, Inc.)**

79. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

80. At all relevant times, Interstate-80 was a busy highway for trucks who were using the highway to deliver goods across the Country.

81. Upon information and belief, due to the high volume of truck traffic on the major highways that run through Wyoming, Wyoming is known to be a dangerous state

82. Mr. Ali was aware of the snow and ice, and dangerous road conditions.

83. Mr. Ali was aware of the limited visibility due to the hazardous weather conditions.

84. Mr. Ali acted willfully, wantonly and recklessly in one or more of the following ways:

    i. Willfully, wantonly, and recklessly failed to properly use the travel lane of Interstate-80;

    j. Willfully, wantonly, and recklessly failed to maintain proper control of his vehicle;

    k. Willfully, wantonly, and recklessly failed to maintain proper speed;

    l. Willfully, wantonly, and recklessly drove into Plaintiffs' lane of travel without signaling;

    m. Was otherwise reckless and/or willful and wanton in the operation of his vehicle in hazardous conditions.

85. As a direct and proximate result of the previously described careless, negligent, reckless, and or willful and wanton acts of Defendant and/or its employee or agent, Plaintiffs' suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense or medical and rehabilitative care and treatment and loss of past and future income, and loss of consortium. The losses are either permanent or continuing, and Plaintiffs' will continue to suffer the losses in the future.

86. At all relevant times, Defendant Ocean Transport, Inc. was vicariously liable for Mr. Ali's willful and wanton conduct because he was employed by Defendant and acting in the course and scope of his employment at the time of the accident.

87. WHEREFORE, Plaintiffs' prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses she have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e) punitive damages and (f) for such other and further relief the Court deems appropriate under the circumstances.

Respectfully submitted this 29th day of March, 2022

**FRANKLIN D. AZAR AND ASSOCIATES**

_____
Emily N. Benight, # 7-5471
Franklin D. Azar & Associates, P.C.
14426 E. Evans Ave
Aurora, CO 80014
303-757-3300
benighte@fdazar.com

*Attorney for Plaintiff*